UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| LEROY ROSS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) No. 2:15-cv-173-JMS-MJD |
| | ) |
| SUPERINTENDENT, Federal | ) |
| Correctional Complex, | ) |
| | ) |
| Respondent. | ) |

**Entry Dismissing Action and Directing Entry of Final Judgment**

**I.**

Petitioner Ross is confined within this District and seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3).

Ross shall have **through July 21, 2015** in which to either pay the $5.00 filing fee or demonstrate that he lacks the financial ability to do so.

**II.**

A 28 U.S.C. § 2255 motion is the presumptive means by which a federal prisoner can challenge his conviction or sentence, *see Davis v. United States,* 417 U.S. 333, 343 (1974), although 28 U.S.C. § 2241 also supplies a basis for collateral relief under limited circumstances.

"A federal prisoner may use a § 2241 petition for a writ of habeas corpus to attack his conviction or sentence only if § 2255 is 'inadequate or ineffective.'" *Hill v. Werlinger,* 695 F.3d 644, 645 (7th Cir. 2012) (quoting 28 U.S.C. § 2255(e)). The Court of Appeals for the Seventh Circuit has held that Section 2255 is only inadequate or ineffective when three requirements are satisfied: (1) the petitioner relies on a new case of statutory interpretation rather than a constitutional decision; (2) the case was decided after his first Section 2255 motion but is

retroactive; and (3) the alleged error results in a miscarriage of justice. *See Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013); *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012).

Ross challenges the validity of his conviction entered in 2008 in the United States District Court for the District of Minnesota, wherein he was convicted of possessing a firearm after having been convicted of a felony. *United States v. Ross*, 569 F.3d 821 (8th Cir. 2009). Prior drug convictions triggered a mandatory minimum sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1). *Id.* at 822. A subsequent motion for relief pursuant to 28 U.S.C. § 2255 was filed. Ross argued in that motion that his constitutional rights were violated because (1) the court erred in applying the ACCA, and (2) his counsel was constitutionally ineffective for failing to adequately establish that his prior drug convictions were a single predicate act under the ACCA. *United States v. Ross*, No. CIV. 15-75 DSD, 2015 WL 1585449 (D.Minn. Apr. 9, 2015). The trial court denied the § 2255 as barred by the statute of limitations.

Ross presents the same claim here. That is, he claims that the ACCA enhancement is unlawful based on the decision in *Descamps v. United States*, 133 S. Ct. 2276 (2013), but this does not benefit him. He cited the same authority in the earlier § 2255 action. Apart from this, moreover, "[t]o date, the Supreme Court has not made *Descamps* retroactive on collateral review." *Groves v. United States*, 755 F.3d 588, 593 (7th Cir. 2014).

Section 2241 consideration is only available when the prisoner has been denied "even one round of effective collateral review." *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002). That is not the case here. "The essential point is that a prisoner is entitled to one unencumbered opportunity to receive a decision on the merits." *Potts v. United States,* 210 F.3d 770 (7th Cir. 2000); *see also Swanson v. Lariva*, 2014 WL 4705396 (S.D.Ind. Sept. 22, 2014). The petitioner had that opportunity and he used it. He is not entitled to more, and this is evident from the fact of

his habeas petition and the public record of the sentence he is challenging. Ross invokes the recent *en banc* decision *Webster v. Daniels,* 784 F.3d 1123 (7th Cir. 2015), but this does not aid him. *Webster* did not purport to change the Circuit law concerning the use of § 28 U.S.C. § 2255(e) and in fact built upon the rationale established in *In re Davenport*, 147 F.3d 605 (7th Cir. 1998), which explains that a remedy via § 2255 is "inadequate or ineffective to test the legality of [the] detention" when a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence. "A procedure for postconviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *Id.* at 611. The habeas petition submitted by Ross does not satisfy this requirement, for his theory could have been presented under 28 U.S.C. § 2255 and Congress has not decriminalized the conduct for which he was convicted and is now imprisoned.

Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). This is an appropriate case for such a disposition for precisely the reasons explained above. That is, petitioner Ross has sought relief pursuant to 28 U.S.C. § 2241 under circumstances which do not permit or justify the use of that remedy. His petition for a writ of habeas corpus is **denied**.

### III.

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date:  June 22, 2015

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

LEROY ROSS
13637-041
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808